UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCOS RAMIREZ-GARCIA,

        Petitioner,               Case No. 08-12051
                                           Honorable David M. Lawson

v.

DEBRA SCUTT,

        Respondent.
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

The petitioner, Marcos Ramirez-Garcia, presently confined at the Macomb Correctional Facility in New Haven, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted of second degree murder, Mich. Comp. Laws § 750.317, and possession of a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b, in the Wayne County, Michigan circuit court and sentenced to prison terms of 20 to 40 years for the second degree murder charge and a consecutive two-year term for the felony firearm charge. The petitioner alleges that his incarceration is unconstitutional because he did not have effective trial counsel, his conviction was not supported by sufficient evidence, and the prosecutor committed misconduct. The Court found that the petitioner's claims did not establish that he was in custody in violation of the Constitution or laws of the United States.

Pursuant to Rule 11 of the Rules Governing Section 2254 Proceedings:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11, Rules Governing Section 2254 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why the certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In denying the petitioner habeas relief, the Court found that the petitioner's claims of ineffective assistance of trial counsel, insufficient evidence to support his convictions, and prosecutorial misconduct did not warrant habeas relief. Specifically, the Court held that the Michigan Court of Appeals' decision denying all three of the petitioner's claims was not contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts, and that the petitioner had not established that he was in custody in violation of the Constitution or laws of the United States. The Court finds that reasonable jurists would not debate its resolution of the petitioner's claims.

Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED** on all grounds raised by the petitioner.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 7, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 7, 2011.

s/ Deborah R. Tofil
DEBORAH R. TOFIL

---